IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANT PROPERTIES, INC.,

    Plaintiff,   Case No. 2:13-cv-0664 LKK DAD PS

    vs.

TAI S. WANG;   FINDINGS AND RECOMMENDATIONS
ISABELLE W. WANG,

    Defendants.

_____/

    By Notice of Removal filed April 5, 2013, this unlawful detainer action was removed from the Sacramento County Superior Court by defendants Tai Wang and Isabelle Wang, who have requested leave to proceed in forma pauperis and who are proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

    It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if

1

there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, defendants allege that this court has jurisdiction over this action "[b]ecause there is complete diversity of citizenship between Plaintiff and Defendants . . ." (Notice of Removal (Doc. No. 1) at 4.) However, 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action. Here, defendants allege in their notice of removal that they are citizens of California. (Notice of Removal (Doc. No. 1) at 3.)

Moreover, when an action is removed based on diversity, complete diversity must exist at the time of removal. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986) (citing Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985)). Here, according to defendants notice of removal, not only are the defendants citizens of California, but so is the plaintiff. (Notice of Removal (Doc. No. 1) at 2.) Accordingly, there is no basis for diversity jurisdiction over this action in any event.

Finally, it is evident from a reading of plaintiff's complaint that this is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and that it is based wholly on California law. As such, the complaint does not involve any claim or right "arising under the Constitution, laws, or treaties of the United States" that would have permitted plaintiff to file this action originally in federal

court.  See 28 U.S.C. § 1331.  Thus, defendants have failed to meet their burden of establishing a basis for federal jurisdiction over this action.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the Sacramento County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ant0664.ud.f&rs